**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Mark Geragos, Pro Hac Pending**
**Ben Meiselas, Pro Hac Pending**
**Lori Feldman, Pro Hac Pending**
Of Attorneys for Plaintiffs
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
geragos@geragos.com
Phone 213-625-3900

(additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARY MCHILL** and **BROOK REINHARD**, Oregon consumers, individually and on behalf of all others, | Case No. 3:17-cv-1405 |
| | **CLASS ACTION ALLEGATION COMPLAINT** |
| Plaintiffs, | Negligence |
| v. | 28 U.S.C. § 1332 |
| **EQUIFAX INC.**, | Demand for Jury Trial |
| Defendant. | |

**COMPLAINT** – Page 1 of 11

1.

**THE PARTIES**

Equifax Inc. (Equifax) is a multi-billion dollar Georgia corporation that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various subsidiaries including Equifax Information Services, LLC, and Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL. Each of these entities acted as agents of Equifax or in the alternative, acted in concert with Equifax as alleged in this complaint.

2.

Mary McHill is an individual consumer residing in the Portland, Oregon area and Brook Reinhard is an individual consumer residing in the Eugene, Oregon area.

3.

**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $68.6 billion exclusive of penalties. Venue is proper under 28 U.S.C. § 1391 because the bulk of Oregon consumers with credit and personal information stored by Equifax live in the Portland area.

4.

**FACTUAL ALLEGATIONS**

Plaintiffs file this complaint as a national class action on behalf of over 140 million consumers across the Country harmed by Equifax's failure to adequately protect their credit and personal information. This complaint requests Equifax provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. This complaint's allegations are based on personal knowledge as to plaintiffs' conduct and made on information and belief as to the acts of others.

5.

Throughout the past year, Equifax collected and stored personal and credit information from Ms. McHill and Mr. Reinhard, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

6.

Equifax owed a legal duty to consumers like Ms. McHill and Mr. Reinhard to use reasonable care to protect their credit and personal information from unauthorized access by third parties. Equifax knew that its failure to protect Ms. McHill and Mr. Reinhard's credit and

personal information from unauthorized access would cause serious risks of credit harm and identify theft for years to come.

7.

On September 7, 2017, Equifax announced for the first time that from May to July 2017, its database storing Ms. McHill and Mr. Reinhard's credit and personal information had been hacked by unauthorized third parties, subjecting Ms. McHill and Mr. Reinhard to credit harm and identify theft.

8.

In an attempt to increase profits, Equifax negligently failed to maintain adequate technological safeguards to protect Ms. McHill and Mr. Reinhard's information from unauthorized access by hackers. Equifax knew and should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach. Equifax could have and should have substantially increased the amount of money it spent to protect against cyber-attacks but chose not to. Consumers like Ms. McHill and Mr. Reinhard should not have to bear the expense caused by Equifax's negligent failure to safeguard their credit and personal information from cyber-attackers. As a direct result of Equifax's negligence as alleged in this complaint, Mr. Reinhard suffered injury of loss of $19.95 to pay for third-party credit monitoring services he otherwise would not have had to pay for.

9.

Ms. McHill and Mr. Reinhard hope Equifax will use this massive data breach, and their subsequent lawsuit, as a teachable moment to finally adopt adequate safeguards to protect against this type of cyber-attack in the future.

10.

**CLASS ALLEGATIONS**

Plaintiffs file this complaint as a national class action lawsuit. The Oregon class consists of Oregon consumers who:

a) Had personal or credit data collected and stored by Equifax in the past year, and

b) Who were subject to risk of data loss and credit harm and identity theft or had to pay for third-party credit monitoring services as a result of Equifax's negligent data breach from May to July 2017.

11.

Excluded from the class are all attorneys for the class, officers and members of Equifax, including officers and members of any entity with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

12.

The exact number of aggrieved consumers in Oregon can be determined based on Equifax's consumer database, estimated at 2,860,000 consumers – about half the population of Oregon.

13.

Every aggrieved Oregon consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

14.

The class is so numerous that joinder is impracticable. Upon information and belief, the Oregon class alone includes millions of consumers based on Equifax's estimate that its data breach affected 143 million consumers nationwide.

15.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiffs and the Oregon class members are entitled to equitable relief, whether Equifax acted negligently, and whether plaintiffs and the Oregon class members are entitled to recover money damages.

16.

Plaintiffs' claims are typical of the claims of the Oregon class because each suffered risk of loss and credit harm and identity theft caused by Equifax's negligent failure to safeguard their data, the injuries suffered by plaintiffs and the Oregon class members are identical (i.e. the costs to monitor and repair their credit through a third-party service for at least 24 months), and plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiffs will fairly and adequately protect and represent the interests of the class because their claims are typical of the claims of the Oregon class, they are represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Oregon class.

17.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiffs know, no class action that purports to include Oregon consumers suffering the same injury has been commenced in Oregon,

individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiffs and their attorneys will vigorously pursue the claims. The forum is desirable because the bulk of consumers in Oregon who suffered injury caused by Equifax's negligence reside in the Portland metropolitan area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Equifax. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

18.

## OREGON CLASS CLAIM FOR RELIEF

## – Claim 1 –

## NEGLIGENCE

As alleged in this complaint, Equifax undertook care of credit and personal information belonging to plaintiffs and the Oregon putative class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.

19.

Plaintiffs and the Oregon class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case.

20.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiffs seek relief for themselves and the proposed Oregon class as follows:

**A.** Unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against Equifax for fair compensation in an amount to be decided by the jury, and costs,

**D.** And other relief the Court deems necessary.

September 7, 2017

                                      **RESPECTFULLY FILED,**

                                      s/ Michael Fuller
                                      **Michael Fuller, OSB No. 09357**
                                      Lead Attorney for Plaintiff**s**
                                      Olsen Daines PC
                                      US Bancorp Tower
                                      111 SW 5th Ave., Suite 3150
                                      Portland, Oregon 97204
                                      michael@underdoglawyer.com
                                      Direct 503-201-4570

(additional counsel information on next page)

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Justin Baxter, OSB No. 992178**
Of Attorneys for Plaintiffs
Baxter & Baxter LLP
8835 SW Canyon Ln Ste 130
Portland, Oregon 97225
justin@baxterlaw.com
Phone 503 297-9031

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiffs
rl@robertlelaw.com

**Kelly Jones, OSB No. 074217**
Of Attorneys for Plaintiffs
kellydonovanjones@gmail.com